UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

ESTEBAN GARCIA,

    Plaintiff,

v.                                                                                    **JURY TRIAL DEMANDED**

L'OLIVO SOUTH AVENUE, LLC, a Florida
limited liability company d/b/a L'OLIVO
RISTORANTE, GEORGE SALAMA, an
individual, FEIBI GOUDA, an individual, and
GERGES ESKANDR, an individual

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ESTEBAN GARCIA, ("GARCIA"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, L'OLIVO SOUTH AVENUE, LLC, a Florida limited liability company d/b/a L'OLIVO RISTORANTE (hereinafter "L'OLIVO"), GEORGE SALAMA, an individual, FEIBI GOUDA, an individual, and GERGES ESKANDR, and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, L'OLIVO was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, L'OLIVO regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a restaurant in Naples, Florida called "L'Olivo Ristorante." Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included food, drinks, condiments, supplies, technology, paper, and other materials necessary for the operation of a restaurant.

4. During the relevant time period described herein, Defendants employed the Plaintiff and at least two other employees who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included food, drinks, condiments, supplies, technology, paper, and other materials necessary for the operation of a restaurant.

5. During the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A)(ii).

6. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as he was "individually covered" by that statute. During the Plaintiff's employment, he was

required to use instrumentalities of interstate commerce on a regular and recurrent basis every week. The Plaintiff used instrumentalities of interstate commerce (telephone/internet/broadband) to, *inter alia,* assist in the operating of the Defendants' restaurant.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Middle of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, GARCIA was a resident of Collier County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, the Defendants were conducting business in Naples, Florida.

12. At all times material hereto, Defendants were the employers of Plaintiff, GARCIA.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

14. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, GARCIA his lawfully earned wages in conformance with the FLSA.

15. Each of the Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, corporate Defendant, L'OLIVO was an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. From about December 23, 2018 through or about August 28, 2022, the Plaintiff was employed by the Defendants at their L'Olivo restaurant in Naples, Florida.

20. The Defendants failed to inform Plaintiff and other tipped workers about the Defendants' intention to take a tip credit against minimum wages paid.

21. The Plaintiff was not paid by L'OLIVO for all hours worked.

22. L'OLIVO often failed to pay the Plaintiff on the regularly scheduled payday.

23. Between about December 23, 2018 and August 28, 2022, the Defendants, through their manager, deleted hours/shifts from the time records showing Plaintiff's total work hours. This caused the Plaintiff to be paid no more than 40 hours per week, even though he was

working as much as 60 hours per week. As a result, the Plaintiff was not paid overtime during his employment, not to mention going completely unpaid for numerous work hours, altogether

24. The Defendants failed to pay the Plaintiff at the *full* Florida minimum wage for all hours worked.

25. L'OLIVO failed to timely and promptly pay Plaintiff about eight (8) bi-weekly paychecks.

26. On or about August 25, 2022, the Defendants gave Plaintiff eight (8) past-due paychecks which L'OLIVO failed to timely pay, previously.

27. On average, the Plaintiff worked about 47.5 hours per week during low season (about May to September) and about 57.5 hours per week, on average during L'OLIVO's high season (about October to April)

28. During Plaintiff, GARCIA's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for all hours worked.

29. In addition, Plaintiff, GARCIA worked in excess of forty hours per week, but was not paid at the rate of time-and-one-half his regular rate of pay.

30. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

31. Defendants, GEORGE SALAMA, FEIBI GOUDA, and GERGES ESKANDR were supervisors and manager/owners who were involved in the day-to-day operations of L'OLIVO and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

32. Defendants, GEORGE SALAMA, FEIBI GOUDA, and GERGES ESKANDR were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

33. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

34. Plaintiff, GARCIA realleges Paragraphs 1 through 33 as if fully stated herein.

35. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

36. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

37. The Defendants failed to timely and promptly pay the Plaintiff's overtime wages.

38. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

39. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff timely, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

43. Plaintiff realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

44. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

45. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

46. Plaintiff was paid below the applicable minimum wage for work hours.

47. L'OLIVO failed to promptly and timely pay the Plaintiff his minimum wages in all workweeks.

48. The Defendants acted willfully and maliciously in failing to promptly pay proper minimum wages to the Plaintiff.

49. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## **VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION**

50. Plaintiff, GARCIA realleges Paragraphs 1 through 33 as if fully stated herein.

51. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

52. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for all of his work hours.

53. L'OLIVO failed to promptly and timely pay the Plaintiff his minimum wages in all workweeks.

54. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding such other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  November 22, 2022.

                                       Respectfully submitted,

                                       BOBER & BOBER, P.A.
                                       Attorneys for Plaintiff
                                       2699 Stirling Road
                                       Suite A-304
                                       Hollywood, FL 33312
                                       Phone: (954) 922-2298
                                       Fax: (954) 922-5455
                                       peter@boberlaw.com

                  By:    /*s/.  Peter J. Bober*
                           FBN:  0122955