UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTEBAN GARCIA, XHONI
STARO, JUAN ECHEVERRY and
YASMANI CHIRINO,

    Plaintiffs,

v.                                                                Case No.: 2:22-cv-744-JLB-KCD

L'OLIVO SOUTH AVENUE, LLC,
GEORGE SALAMA, FEIBI
GOUDA, and GERGES ESKANDR,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Esteban Garcia's Motion to Quash Subpoena and for Protective Order. (Doc. 33.)[1] Defendants have responded (Doc. 38), making this matter ripe. For the reasons below, Garcia's motion is denied.

### I. Background

Garcia sues his former employer and its owners (collectively "Defendants") under the Fair Labor Standards Act. According to the complaint, Garcia was denied minimum wage and overtime pay. (*See* Doc. 26.)

As part of their discovery efforts, Defendants prepared a third-party subpoena directed to Uber. (*See* Doc. 33-1.) It seeks employment records for

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Garcia from "January 1, 2019 to December 31, 2022." (*Id.* at 6.) This period coincides with the time Garcia also worked at Defendants' restaurant. (*See* Doc. 26 ¶ 25.)

Garcia now moves to quash the subpoena, claiming it is "simply [a] fishing expedition for dirt on [him]." (Doc. 33 at 6.) According to Garcia, his employment records with Uber have no relevance because "Defendants own time records show [the] hours [worked] for which he was not paid." (*Id.* at 11.) Besides arguing relevance, Garcia claims the subpoena is "not proportional." (*Id.* at 12.) "[W]ages paid, tax forms, paystubs, and pay summaries, from different employers [is unnecessary] where Defendants already admit[] failing to pay wages to Garcia for all hours worked." (*Id.*)

Defendants respond that Garcia "is claiming [he] regularly worked 7.5 to 17.5 hours of overtime per week—sometimes more—based on inferences, not records." (Doc. 38 at 1.) Thus, the subpoena is relevant and proportional because Uber's records "may [rebut Garcia's] assertion that he worked so many hours." (*Id.* at 2.)

## II. Analysis

Starting with common ground, neither party questions that Garcia has standing to challenge the Uber subpoena on both relevance and proportionality grounds. (Doc. 38 at 4); *see also JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 588–89 (M.D. Fla. 2016) (explaining that "objections

2

on relevance and proportionality" are permissible against a third-party subpoena). That narrows the dispute to a simple question—is the subpoena relevant and proportional? Those are the only arguments Garcia advances against the subpoena. *See Bledsoe v. Remington Arms Co.*, No. 1:09-CV-69(WLS), 2010 WL 147052, at *1 (M.D. Ga. Jan. 11, 2010) ("The party which seeks to quash a subpoena bears the burden of establishing that its request should be granted.").

The Court has little trouble concluding that the subpoena seeks relevant information. The hours Garcia worked for Defendants is at the heart of this case. Although Defendants have produced payroll records that purportedly show Garcia's hours, they don't paint the full picture for several reasons. First, as Garcia himself notes, Defendants' records are "deficient" and incomplete. (Doc. 30 at 8.) Second, a former manager made manual edits to Garcia's time entries and sometimes paid him in cash. (*Id.* at 12; Doc. 33 at 11.) Thus, a genuine dispute remains about how much time Garcia actually worked.

The documents requested from Uber could be probative of this issue because they can either undermine or support Garcia's claim that he "often worked about 57.5 hours per week during the high season, and about 47.5 hours per week during the low season." (Doc. 33 at 11.) Simply put, knowing when Garcia was at another job helps narrow the potential hours he was working (or not working) for Defendants. *See Ortiz v. Pin UPS of Daytona*

*Beach, LLC*, No. 6:19-CV-1644-ORL-37-LRH, 2020 WL 10456853, at *2 (M.D. Fla. July 31, 2020) ("Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.").

Garcia stresses that Defendants have "never sa[id] anything suggesting its records *don't* accurately portray [his] work hours." (Doc. 33 at 7.) Thus, the argument goes, it's disingenuous for them to now claim that information from Uber is needed to corroborate when he worked. According to Garcia, this shows the subpoena is not "genuine" and instead meant as harassment. (*Id.*)

The Court is not persuaded. Regardless of the position Defendants have taken about their records, Garcia claims they are incomplete and inaccurate. (*See* Doc. 30.) Thus, it's perfectly reasonable for Defendants to pursue information that can corroborate Garcia's schedule and time entries. And that is exactly what the subpoena to Uber seeks.

The Court also finds the subpoena proportional. Defendants request only pay and time records for a limited period that overlaps with Garcia's employment at their restaurant. Given there is a dispute about how much time Garcia worked, the subpoena is reasonably targeted to discover relevant information with little intrusion into other subjects. Defendants are certainly not engaged in an untethered "fishing expedition" as Garcia claims. (Doc. 33 at 5.)

Garcia filed this lawsuit claiming he was not paid for the hours he worked. Defendants are entitled defend against those allegations and prepare for trial by subpoenaing a concurrent employer. Because Garcia has failed to establish grounds to either quash the subpoena or issue a protective order, it is **ORDERED**:

1. Garcia's Motion to Quash Subpoena and for Protective Order (Doc. 33) is **DENIED**.

**ENTERED** in Fort Myers, Florida on August 8, 2023.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record